Our next case for argument is 22-1496 Bryant v. McDonough. Mr. Carpenter, please proceed. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Zeke Bryant. Also appearing with me is counsel who represented Mr. Bryant before the Veterans Court, Ms. Amy Gretowski. I'd like to begin with the question of jurisdiction. This is not a question of application of law to fact. This is a straight question of statutory interpretation that the Veterans Court relied upon when it affirmed the Board's decision to deny service-connected compensation to Mr. Bryant. They did so by relying upon an interpretation of 1110, which allowed and permitted the Board to deny service connection based upon an evaluation of the disability that took place based upon the 1969 hearing. 1110 wasn't raised below, was it? It was implicitly raised below, Your Honor, because the entire case was about whether or not there was entitlement to service-connected compensation. Therefore, it was not possible for the Veterans Court not to have relied upon an interpretation when they expressly accepted the government's argument that something to do with the 1969 hearing test was at a lesser level of disability, which then required a causality or etiology opinion in order to obtain service connection. That is a misinterpretation of 1110. The specific argument that Mr. Bryant... 1110, even if it is before us, says resulting from. It certainly sounds like causation. It certainly does sound like causation, Your Honor, but it is not a question of causation. It is a question of whether or not there is, under the correct legal standard, a but-for causation, and that but-for causation is a lesser standard than the causation standard that was relied upon by the Veterans Court in affirming the Board's decision. The Veterans Court in this case had the following undisputed facts in front of it. That Mr. Bryant's entrance examination showed no hearing impairment. That Mr. Bryant suffered an injury while on active duty from exposure to acoustic trauma. Next, that while on active duty, following his injury to his hearing, he was tested in 1969 by the armed services, which confirmed a functional loss of his hearing. Mr. Bryant then received multiple additional audiological examinations, and then several decades following his discharge in the early 1970s, in 2012, he filed a claim for service-connected compensation for his hearing loss and underwent a VA examination for both hearing loss and tinnitus. The VA granted service connection for tinnitus but denied service connection for hearing loss. This denial was based upon a VA examiner's determination that his hearing loss was not caused by his military service because the hearing was not within the normal limits at time of separation. That is the incorrect test and legal standard for determining entitlement to compensation under the correct interpretation of 1110. The examiner further went on to say that there was no significant change in the threshold at separation and that this same examiner determined that his tinnitus was in fact the result of exposure to military, excuse me, noises. The plain language of 1110 requires that the VA shall pay compensation for a disability resulting from an in-service injury. Those are the undisputed facts in this case, I'm sorry. What is the import of the board's opinion here? I mean, I look at, for example, at pages appendix 8, 122 to 123, and there's a lot more analysis here than simply, well, he didn't have hearing loss upon separation from the military, so therefore that's the end. There's a lot more to it than that. There's discussion about how he didn't have any hearing loss or complain of any hearing loss in February 1975, that he denied having decreased hearing in March of 2009. There's just, on both pages, there's a lot more analysis coming about interviewing the veteran. I'm just, there's a lot more than just simply looking at one event. But with respect, Your Honor, they're focused on the wrong end of the scope here. It is not what the evidence showed until after December of 2012 when the claim was made and whether or not there was or wasn't a disability that was the same disability, i.e., hearing loss, that was identified in service. I guess my point is this, is that even if I had jurisdiction to review, there seems to be more evidence than what you've identified in your briefs, in terms of what was relied on by the board to come up with its conclusion. So that's what I'm addressing here. You're telling me they shouldn't have relied on any of this, I suppose. That's correct, Your Honor. Okay. In this case, the Veterans Court affirmed, based upon accepting the proposition, that something to do with the level or severity of the hearing loss as quantified while on active duty required an additional VA opinion which they obtained. The VA opinion which they obtained was simply not necessary. Under the correct interpretation of 1110, once the disability was established while on active duty, there was no further need for medical opinion. The problem is you'd like us to throw out the nexus requirement, and Holton v. Shinseki absolutely adopts it as part of the 1110 interpretation. So how could we as a panel do what you're asking? Well, because in our view, the Holton decision relied in part on the Shedden decision, and the Shedden decision relied upon the Calusa elements, and the Calusa elements flow from the pleading requirement for a well-grounded claim. Well-grounded claim was abandoned or superseded, excuse me, by Congress when they enacted the VCAA. Therefore, we have to look to the interpretation of 1110, as has been made by this Court in Saunders first and most recently in Spicer. And in Spicer, we understand now that the interpretation of 1110 is precluded from adding additional qualifiers. And that additional qualifier in this case would be adding on that causality requirement. That causality requirement was not necessary under the facts of this case, because the disability itself was established in the record in 1969, based upon his audiological testing. That audiological testing established the disability. Under the correct interpretation of 1110, 1110 requires when a disability is shown to be related to service, that disability is entitled to compensation. Can I ask you another question? Yes, ma'am. So if we exercise jurisdiction here, wouldn't we have to review every decision denying service connection because there's no nexus between disability and service? What makes this case different than other cases in which we'd be reviewing a determination that there's no service connection because of a lack of nexus? The first thing that makes this different is that in this case, there is undisputed evidence that a disability existed while on active duty as a result of his acoustic trauma, the injury that he experienced, the same acoustic trauma that was the underlying injury that supported the grant by the VA of service connection for tinnitus. Therefore, what you have in this case are two types of audiological injury, or excuse me, disability, one tinnitus, one in hearing loss. The hearing loss was clearly established by the 1969 test because he came into service with the benefit of the presumption that he had no hearing loss. Therefore, when his hearing loss was quantified by the examination in 1969, he at that point met the requirements for entitlement to be paid compensation. He does not make a claim until 2009. The problem with Carpenter is that thereafter, if you look on the board's decision at page 122, they say that his service records from 1975, that his audiological test results showed no hearing loss for VA purposes and in fact showed improvement in his hearing. In addition, he specifically denied having any hearing loss or ear trouble at that time in 1975. Then his treatment records from 2009 again describe him as denying having any hearing loss. It may well be that in 1969, potentially even as a result of something he experienced in service, there was some modest amount of hearing loss. After that, his treatment records show that hearing loss abated, that his hearing improved. He himself testified that there was no hearing loss or trouble. Given that set of facts, which we can't question, how can we deny or review? I don't see what the legal question is. The legal question here, Your Honor, is how 1110 is to be properly interpreted and applied by both the agency and the veteran. You want me to throw out the nexus requirement in a situation in which he had mild hearing loss in 1969, but all the evidence of record shows that by 1975 it improved and he no longer had it. Now, when he's claiming in 2013 he's got hearing loss, I'm supposed to throw out the nexus requirement and say that's no longer required? Your Honor, I believe that's what this Court did in the panel decision in Spicer. The interpretation made in Spicer based exclusively on the interpretation of 1110 says that there are no additional requirements, no additional qualifiers to a disability and that the proper focus is whether or not to determine a claim what the disability is post-service. And the disability post-service after 2012, when this claim was made, was that he had a compensable disability. But it has to be a disability resulting from personal injury, resulting from matters. Yes, Your Honor, and the resulting from here was the acoustic trauma. No, but it has to be the current disability. I mean, you're right, even if, you know, let's say hypothetically that it's true. He had some sort of moderate hearing loss in 1969, but by 1975 he was fine. Okay, so in that circumstance there is no disability at the time of the claim. And if he had made a claim in 1975, that would have been a reasonable basis potentially. But that's not when he made his claim. He made his claim in 2012. Let me tell you my concern. I'm not a doctor, okay? So I'm supposed to assume now, I don't even have jurisdiction to do this, but you're suggesting that under the law, even though he was fine by 1975, when he had that loss in 2013, that means that it was caused by the military service. And I'm supposed to say caused by in Section 1110 is satisfied because, you know, back in 1969 it may have been. What I'm asking this Court to do is to interpret 1110 that the entitlement to compensation was established in 1969, and that when this veteran made his claim in 2012, he was entitled to compensation because in 2012 he had a current disability that was compensable. Now just to be clear, Spicer does not address this factual issue, right? No, Your Honor. It's a legal issue. I know. Yeah. I'm sorry. It says what the standard is in Section 110, but it doesn't talk about a fact scenario like this. It's not addressing a situation where somebody may have had a disability and then was later found to be, you know, they don't have that disability anymore. With all due respect, Your Honor, it doesn't discuss the intervening. And as this Court decided in Spicer, what is relevant is, is there a disability when the claim is being filed? And in this case there was. So it has to be a disability that is caused by the service, right? And that causation was established in 1969. Mr. Carpenter, would you like to stop, save anything for rebuttal? I would, Your Honor. Thank you. All right. Mr. Faulkner. May it please the Court, following up first off the discussion here with Mr. Carpenter, it's important to note there was no disability during active duty under 3.385. There was the injury, but for VA purposes under the regulation, there was no disability. There was fluctuating level of hearing, but it wasn't technically a disability at that point. And that's indicated by the board on Appendix 122. Counsel, do we have jurisdiction of a case where the only error asserted, legal error relates to a statute not cited in the decision below? Your Honor, I do not believe this Court has jurisdiction. According to Mr. Bryant, every VA disability compensation claim implicates the agency's interpretation of Section 110, either explicitly or implicitly, and that's wrong. The requirements to prevail on a claim for disability compensation at this point are clear. They don't require interpretation in every case, and in most cases they're just going to be a basic application of the fact of the law. And I think much of the argument is related to that. I think if there is a legal issue here that's been identified, it's the standard, the argument that there is no causation requirement under Section 110. But 1110 was not cited below. So it wasn't interpreted below if it wasn't cited below, correct? Exactly, Your Honor. I think that's also a waiver issue. It wasn't cited below. It wasn't interpreted below. And if, in fact, Mr. Bryant wanted to argue below there is no causation requirement, he certainly didn't need to wait to get that decision. That could have been raised below and addressed by the Veterans Court. Now, putting aside the issue of jurisdiction, as far back as Shedden, and continuing with Dye, Conley, Gilbert, and Holton, this court has required a showing of causation to demonstrate a disability claim under 1110. The court has been discussed, recently affirmed that causation requirement with respect to Section 1110 in Spicer, explaining that the statutory phrase resulting from is a causation requirement. Mr. Bryant's argument that there is no causation requirement in Section 10 runs headlong into this decades of precedent. And to the extent that Mr. Bryant is arguing for a presumption that just fits the facts of this case, in other words, disregarding the nexus requirement, Congress has already created presumptions related to service connection requirements. So, for example, Section 1110. His argument is that the nexus requirement was satisfied at a certain point, and then later on, even if it's not satisfied years, years, years later, the board can't take that into account, or the agency can't take that into account, because it was satisfied in 1969. I think that's his argument. What was your response to that? If that's the argument, Your Honor, I would first just go back to the point that there was no present disability, so that argument fails on the first prong. I don't think it's even necessary to get to the next prong. When you say present disability, it's because there was only a minimal amount of hearing loss? Yes, because the VA has defined a disability for hearing loss purposes under 3.385. All right. And you mean there was no present disability, you mean there was no disability at his time of service, or do you mean there is currently no present disability? Currently, there is absolutely, there is bilateral hearing loss, yes. I was referring to the hypothetical, yeah. It's not a hypothetical. I mean, you were talking about what's on page 122, right? Right, yeah. I'm sorry. I thought I misunderstood your question, Judge Stolz. So you're saying that he had mild hearing. Suppose that we don't have the 1975 or subsequent exams. Suppose the only thing we have is in 1969, after direct exposure to lots of noise or gunshots or something, he had mild hearing loss. Now let's fast forward to 2013, and he needs hearing aids. That mild hearing loss has gotten much worse. Are you saying that that would not be sufficient for 1110 to prove the required nexus, that what additional things would you require him to establish in order to prove that his 2013 worsening is actually not caused by the in-service effects that showed some diminished hearing? So I think even looking at Hensley is a helpful case. In that case, there was a private letter from a physician that said, this hearing loss is likely causally related to that in-service noise exposure. So that sort of evidence certainly would be helpful. In this case, we have a 2013 exam that came to the opposite conclusion. And here there's also evidence there was some sort of hearing trauma that occurred because of the service-connected tinnitus, right? Yes, Your Honor. And there could be any other myriad of facts that could be developed in terms of the interviews with the service member after the facts and those sorts of facts that could establish the causation requirement even this many years later. So it wouldn't be enough, in your view, just on its face, if he had hearing loss that was recognized upon exit from service and then worsening hearing loss in 2013 that required more intervention and possibly rose to the level of a disability at that point. That's not enough. You would still have to prove nexus, in your view? Yes, Your Honor. There has to be some sort of causal link. Otherwise, I think that is a presumption that Congress is in a better position to make. For these reasons discussed today, as well as the reasons stated in our brief, we respectfully request the Court dismiss the appeal. Mr. Carpenter, I'll give you two minutes of rebuttal time. Thank you, Your Honor. Please, the Court, I'd like to point out that in 1975 his testing of his hearing showed an increase in severity in 1975, which is in the appendix at page 39. But in our view, the problem is the misuse of the notion of current disability as something that must be current in service. The government's reliance upon the regulation about what constitutes a compensable rating, that regulation pertains to compensation. That does not relate to entitlement to service-connected compensation. It's the rating that that regulation speaks to. The fact that it doesn't qualify for a rating does not mean there wasn't an injury. The government's position is simply untenable that somehow he needs evidence that it was related to service based upon an acoustic trauma that was the basis for the grant for service connection for tinnitus. These are both hearing loss conditions. And to suggest that there is additional requirement beyond the obvious evidence that existed in 1969 that a disability was present in 1969, in order to obtain compensation in 2012, simply results in an unreasonable and untenable interpretation of 1110. Unless there's further questions from the panel, I'd submit the matter. Thank you, Your Honor. Thank you, counsel. This case is taken under submission.